IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AMOS TYNDALL, Administrator of Timothy E. Helms, Incompetent, Deceased, | ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | 1:11cv836 |
| TIMOTHY DEAN MAYNOR, | ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION & ORDER

This matter is before the Court on a Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer [Doc. #16] filed by Defendant Timothy Dean Maynor ("Defendant"). For the reasons set forth below, Defendant's Motion will be denied.

At all times relevant to the this case, Defendant, a resident of Catawba County, North Carolina, worked as a correctional officer at Alexander Correctional Institution ("ACI"). (Compl. ¶ 4; Ans. ¶ 4). Plaintiff Amos Tyndall, a resident of Orange County, North Carolina, is the Administrator of the Estate of Timothy E. Helms ("Mr. Helms"), deceased. Prior to his death, Mr. Helms was an inmate at ACI from September of 2007 until August 4, 2008. (Compl. ¶ 3; Ans. ¶ 3). Plaintiff originally filed this action in the Superior Court of Orange County, North Carolina, seeking redress under state law and pursuant to 42 U.S.C. § 1983, based primarily on injuries Mr. Helms allegedly sustained due to Defendant's alleged use of excessive force and alleged indifference to Mr. Helms' rights and safety while Mr. Helms was incarcerated at ACI. Defendant timely filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 & 1446, and this case was removed to the Middle District of North Carolina.

In his present Motion, Defendant seeks dismissal for improper venue, pursuant to 28 U.S.C. § 1391, or, in the alternative, transfer of venue to the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1404 & 1406. With regard to his Motion to dismiss for improper venue, Defendant, in his Brief in support of his Motion, originally contended that venue, as governed by § 1391, would be proper in the "judicial district where any defendant resides, if all defendants are residents of the State in which the district is located," 28 U.S.C. § 1391(b)(1), or in the "'judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.'" (Def.'s Br. at 3 (quoting 28 U.S.C. § 1391(b)(2))). Based on the provisions of § 1391, Defendant contended that venue in this case is proper in the Western District of North Carolina, and not the Middle District of North Carolina, because Defendant resides in Catawba County, North Carolina, the events or omissions giving rise to this action occurred at ACI, located in Alexander County, North Carolina, and both counties lie within the Western District of North Carolina. As such, Defendant originally contended that the Court should dismiss this action for improper venue.

However, following Plaintiff's Response in this matter, which challenged the application of § 1391 to the present case, Defendant, in his Reply, conceded that dismissal for improper venue pursuant to § 1391 is not applicable here given that this action was not filed directly in federal court, but rather was removed to federal court. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665, 73 S. Ct. 900, 902, 97 L. Ed. 1331 (1953) ("[O]n the question of venue, § 1391 has no application to this case because this is a removed action."). In a removed action, such as this case, venue is governed by Title 28, United States Code, Section 1441. Id. Section 1441 permits

2

removal to one particular venue, that is, "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see Godfredson v. JBC Legal Grp., P.C., 387 F. Supp. 2d 543, 556 (E.D.N.C. 2005) ("[Section] 1441(a) only allows one possible venue for removal."). "This is true even if venue would not have been proper in the district 'embracing' the state court where the action is pending under section 1391." IHFC Props., LLC v. APA Mktg., Inc., __ F. Supp. 2d __, 2012 WL 610192, at *5 (M.D.N.C. Feb. 24, 2012). In the present case, Plaintiff originally filed the Complaint in the Superior Court of Orange County, North Carolina. The Middle District of North Carolina "embraces" Orange County. Therefore, the Court finds that venue for this removed action is proper in the Middle District of North Carolina pursuant to § 1441. As such, the Court concludes that, to the extent that Defendant requests dismissal of this case for improper venue, that request is denied.

In the alternative to dismissal for improper venue, Defendant requests a transfer of venue to the Western District of North Carolina. Based on Defendant's briefing, it appears that Defendant requests such a transfer pursuant to two separate statutory provisions: Title 28, United States Code, Section 1406, and Title 28, United States Code, Section 1404. To the extent that Defendant seeks transfer pursuant to § 1406, the Court notes that, per its terms, the transfer provision of § 1406 assumes that the current venue is improper under the general venue provisions set forth in § 1391, and therefore the Court is required to transfer the case to the proper venue. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall . . . if it be in the interest of justice, transfer such

3

case to any district or division in which it could have been brought."). In support of his Motion to transfer pursuant to § 1406, Defendant raises the same contentions that he raised in support of his motion for dismissal. Specifically, Defendant asserts that "[t]here is no circumstance under which the Middle District could have been the appropriate forum for this action had it been brought originally in the federal courts," and therefore, "applying 28 U.S.C. § 1391 and 28 U.S.C. § 1406(a) as Congress intended, this Court must transfer this action to the Western District." (Def.'s Reply at 3). However, as noted above, § 1391 does not govern venue here, since this case was removed to federal court pursuant to § 1441. Polizzi, 345 U.S. at 665, 73 S. Ct. at 902. Furthermore, as the Court previously found in this Memorandum Opinion, the Middle District of North Carolina is the proper venue for this case under § 1441. Therefore, because venue is proper in the Middle District of North Carolina, the provision in § 1406 requiring transfer based on improper venue does not apply to this case. As such, the Court concludes that, to the extent that Defendant requests transfer of venue pursuant to § 1406, such a request is denied.

To the extent that Defendant seeks transfer of venue pursuant to § 1404, the Court notes that such a request may be made "[f]or the convenience of the parties and witnesses," or " in the interest of justice." 28 U.S.C. § 1404(a). In addition, the Court notes that unlike § 1406, which mandates transfer of venue where the original venue is improper, § 1404 does not focus on proper venue, but rather "'is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" Republic Mortg. Ins. Co. v. Brightware, Inc., 35 F. Supp. 2d 482, 484 (M.D.N.C.

4

1999) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 2244, 101 L. Ed. 2d 22 (1988) (internal quotations omitted)). The exercise of such discretion involves the weighing and consideration of a number of factors, including:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

IHFC Props., LLC, 2012 WL 610192, at *12 (quoting Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996)). The moving party, in this case Defendant, bears the burden of proving that the balance of these factors favors transfer of venue. Rebel Debutante LLC v. Forsythe Cosmetic Grp., Ltd., 799 F. Supp. 2d 558, 565 (M.D.N.C. 2011). In addition, "'[w]hen deciding a motion to transfer, it is important to bear in mind that such a motion should not be granted if it simply shifts the inconvenience from the defendant to the plaintiff.'" Netalog, Inc, v. Tekkeon, Inc., No. 1:05CV00980, 2007 WL 534551, at *5 (M.D.N.C. Feb. 15, 2007) (quoting Plant Genetic Sys., N.V., 933 F. Supp. at 527).

In support of his request for transfer based on the convenience of the parties and witnesses, Defendant does not expressly mention the factors noted above, but rather generally notes that the transactions and occurrences alleged in the Complaint took place at ACI, located in Alexander County, in the Western District of North Carolina, and that many of the material witnesses in this case are employed by ACI and live in Alexander County. In addition,

5

Defendant notes that Mr. Helms received his initial medical treatment at Catawba Memorial hospital, located in Catawba County, in the Western District of North Carolina, and that the doctors and nurses who may be called to testify live in or around Catawba County. As such, Defendant contends that the witnesses "will incur unnecessary expense traveling to this district" and "will be compelled to lose invaluable time away from their professional obligations." (Def.'s Br. at 4-5).

In his Response, Plaintiff expressly addresses the relevant factors listed above, noting first that Plaintiff originally brought this action in Orange County, North Carolina, where Plaintiff lives, and which lies within the Middle District of North Carolina. In addition, Plaintiff notes that during the last years of his life, Mr. Helms lived in a rehabilitation hospital in the Middle District of North Carolina, and that the medical providers who may testify as to that period of time live in or around Guilford County, North Carolina, which lies within the Middle District of North Carolina. As such, Plaintiff contends that the access to sources of proof and any inconvenience to witnesses balances out because "[t]hough the site of the underlying incident is in the Western District, the witnesses to decedent's long-term, severe injuries, and his autopsy,[1] are in the Middle District." (Pl.'s Resp. at 4). Furthermore, Plaintiff notes that both

---

[1] In support of his position, Plaintiff makes two statements regarding potential witness testimony to Mr. Helms' autopsy. Plaintiff first notes that the state medical examiner, who may be a witness in this case, is based in Wake County, North Carolina. In addition, Plaintiff notes that witnesses to Mr. Helms' autopsy are in the Middle District of North Carolina. Based on these two statements, however, it is unclear whether Plaintiff is distinguishing the location of the state medical examiner's office and the site of Mr. Helms' autopsy, or whether Plaintiff is basing the autopsy site on the state medical examiner's office location. The distinction, if one exists, is relevant because Wake County, North Carolina, lies in the Eastern District of North Carolina, rather than in the Middle District of North Carolina. As such, to the extent that Plaintiff asserts

6

Districts face "similar case loads and logistical burdens," and that there are no conflict of law issues present in this case, since the case is not based on diversity and both Districts at issue are within North Carolina. (Pl.'s Resp. at 5). Therefore, Plaintiff contends that Defendant has failed to meet his burden of showing that the balance of factors favors a transfer of venue in this case. As such, Plaintiff asks that the Court deny Defendant's Motion.

In considering a motion to transfer venue based on the convenience of the parties and witnesses, the Court notes that the plaintiff's choice of forum "is accorded great weight, particularly where the plaintiff has brought suit in its home forum." Netalog, Inc., 2007 WL 534551, at *5. A defendant seeking to transfer venue away from the plaintiff's choice of forum "must demonstrate that the balance of the factors weighs 'strongly in [his] favor.'" IHFC Props., LLC, 2012 WL 610192, at *13 (quoting Mamani v. Bustamante, 547 F. Supp. 2d 465, 469 (D. Md. 2008)). Courts should afford less weight to the plaintiff's choice of forum, however, if "the suit is filed in a foreign forum or the cause of action bears little relation to the chosen forum." Id. In the present case, Plaintiff chose to bring this action in Orange County, North Carolina, where Plaintiff resides. In addition, based on the information presented by Plaintiff, which Defendant does not appear to dispute, subsequent to the alleged injuries in this case, Mr. Helms lived and received medical care in a rehabilitation facility located in the Middle District

---

that Mr. Helms' autopsy took place in the Middle District *because* the state medical examiner's office lies in Wake County, North Carolina, such an assertion would be incorrect. However, the Court notes that Wake County, North Carolina, is closer in proximity to the Middle District of North Carolina, than to the Western District of North Carolina. As such, Plaintiff's reference to any witnesses in Wake County may serve to support his position that the Western District of North Carolina is not a more convenient venue for purposes of potential witness testimony in this case.

of North Carolina.  As such, the Court finds that the Middle District of North Carolina serves as both Plaintiff's home forum, and a forum to which the causes of action in this case, and the damages sought, relate.  Therefore, the Court concludes that Defendant must show that the balance of factors weighs strongly in his favor if this Court is to transfer this case away from Plaintiff's choice of forum.

After considering the appropriate factors in light of the information presented by both parties, the Court concludes that Defendant has failed to meet his burden of showing that the balance of these factors weighs strongly in favor of transferring venue to the Western District of North Carolina.  In so concluding, the Court specifically notes that the parties refer to potential witnesses who work or reside in each of the Western, Middle, and Eastern Districts of North Carolina, some of which will have to travel to proceedings relevant to this case. However, the Court finds that the Middle District of North Carolina provides a venue that will likely be only somewhat inconvenient to the relevant witnesses, and such inconvenience, to the extent it exists, can be found on both sides of this case. The Court concludes that such a finding does not strongly weigh in favor of transfer of this case to the Western District of North Carolina.  As such, to the extent that Defendant requests transfer for the convenience of the parties and witnesses, pursuant to § 1404, such a request is denied.

Based on the foregoing, the Court concludes that venue is proper in the Middle District of North Carolina and that considerations of convenience do not favor transfer of venue to the Western District of North Carolina.  As such, Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer is denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer [Doc. #16] is hereby DENIED.

This the 10th day of April, 2012.

/s/ James A. Beaty
United States District Judge